**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **§** | |
| **Plaintiff,** | **§** | |
| | **§** | |
| **v.** | **§** | **Cr. No. C-11-169** |
| | **§** | **(Ca. No. C-12-333)** |
| **OSMAR ANTONIO DOLMUZ-** | **§** | |
| **CARCAMO,** | **§** | |
| **Defendant.** | **§** | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Osmar Antonio Dolmuz-Carcamo's ("Dolmuz-Carcamo") motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and his memorandum of law in support. D.E. 36, 36-1.[1] The government responded to the motion and filed defense counsel's affidavit. D.E.48, 49. No reply was filed.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Dolmuz-Carcamo was arrested in January 2011 at the Falfurrias, Texas Border Patrol Checkpoint. He was stopped for an immigration check when a drug dog alerted to his tractor-trailer. D.E. 1. He was directed to secondary screening and consented to an X-ray of his trailer. Id. Agents discovered 316 bundles of marijuana in a wooden crate in the trailer. Id. The marijuana weighed approximately 6,096 pounds. Id. Dolmuz-Carcama was arrested. Id.

Dolmuz-Carcamo was appointed counsel after his arrest. D.E. 3. He sought bond, but after

[1] Docket entry numbers (D.E.) refer to the criminal case.

a detention hearing, he was held without bail. See D.E. 6. Dolmuz-Carcamo was indicted and charged with possession with intent to distribute more than 1,000 kilograms of marijuana (approximately 2,648.8 kilograms) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). D.E. 8. He was arraigned within a week following his indictment. See Minute Entry February 23, 2011.

Dolmuz-Carcamo retained private counsel after arraignment. D.E. 13, 14. He proceeded to trial on April 25, 2011. The morning of April 26, 2011, he advised the Court that he wished to plead guilty, and rearraignment was held. D.E. 44. The Court conducted rearraignment as required by Rule 11 of the Federal Rules of Criminal Procedure. Additionally, because Dolmuz-Carcamo was a permanent resident alien, the Court advised him that he was subject to deportation. Domuz-Carcamo responded that he understood.[2]

The Probation Department prepared the Presentence Investigation Report (PSI). D.E. 21. Probation calculated Dolmuz-Carcamo's base level offense at 32 based upon 2,648.8 kilograms net weight of marijuana found in his trailer. Id. at ¶ 14. Two points were subtracted for acceptance of responsibility, resulting in a total offense level of 30. Id. at ¶¶ 19-23. Dolmuz-Carcamo had prior criminal convictions. His criminal history points totaled 4, resulting in the application of criminal history category III. Id. at ¶ 33. His sentencing range was 121-151 months, with a statutory minimum sentence of 10 years. Id. at ¶¶ 44-45. No objections were filed to the PSI. D.E. 23.

At sentencing, defense counsel did not object to the PSI but did argue that Dolmuz-Carcamo's criminal history over represented his danger to the community. The government urged

---

[2] 11 THE COURT: Now, because you are a citizen of
12 another country, Nicaragua, and you are pleading guilty
13 to a felony offense, you will be subjected to being
14 deported. Do you understand that?
15 DEFENDANT DOLMUZ-CARCAMO: Yes, sir.

Id.

a mid-level guideline sentence of 130-135 months. Id. at 8. Defense counsel argued for a low-end guideline sentence. Id. at 5. The Court imposed a guideline sentence of 126 months in the Bureau of Prisons, 5 years supervised release, and a $100 special assessment. Id. at 9-10. Dolmuz-Carcamo did not appeal. The motion to vacate was received by the Clerk on October 29, 2012. D.E. 36. It is timely.

## III. MOVANT'S ALLEGATIONS

Dolmuz-Carcamo claims his counsel was ineffective on two grounds: 1) counsel failed to advise him of the deportation consequences of his guilty plea, and 2) counsel failed to object to the PSI and argue for sentencing considerations due to his immigration status.

The government maintians that Dolmuz-Carcamo's motion is conclusory, but it did agree that a hearing should be held on Dolmuz-Carcamo's allegation that counsel failed to advise him of the consquence of deportation arising from his guilty plea. D.E. 49 at 7-8. Thus, an evidentiary hearing was held on June 18, 2013.

## IV. ANALYSIS

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United

States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam).

**B. Claims of Ineffective Assistance of Counsel**

1. *Standard for ineffective assistance of counsel*

Generally, an ineffective assistance claim presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001). To show that his attorney's performance at sentencing in a noncapital case was prejudicial under Strickland, the movant must demonstrate that counsel's error led to an increase in the length of his imprisonment. Glover v. United States, 531 U.S. 198, 203 (2001); United States v. Herrera, 412 F.3d 577, 581 (2005).

If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

2. *Claim that counsel failed to advise him of deportation consequences of guilty plea*

Dolmuz-Carcamo alleged in his § 2255 motion that trial counsel failed to advise him of the deportation consequences that would arise from his guilty plea. D.E. 36 at 4. Counsel filed an

affidavit stating that he and Dolmuz-Carcamo discussed deportation as a consequence of his conviction numerous times during counsel's representation of Dolmuz-Carcamo. At the evidentiary hearing held on June 18, 2013, counsel again testified that deportation was a concern throughout his representation of Dolmuz-Carcamo. They discussed that concern at the beginning of counsel's representation and it was a factor in Dolmuz-Carcamo's decision to go to trial. After the first day of trial and after hearing the testimony of several government witnesses, Dolmuz-Carcamo advised counsel that he wished to change his plea to guilty. Counsel testified they discussed Dolmuz-Carcoma's likely deportation after serving his sentence and discussed that his sentence would likely be less severe if he pled guilty.

Dolmuz-Carcamo testified that counsel advised him of the deportation consequences of being convicted of the drug trafficking offense with which he was charged. He did not recall further conversations regarding deportation immediately before his guilty plea. He also recalled that the Court advised him he was subject to deportation.

In 2010, the Supreme Court held that counsel who did not advise a lawful permanent resident alien of his almost certain deportation if he was convicted of drug trafficking did not meet professional standards pursuant to Strickland v. Washington 466 U.S. 668 (1984). Padilla v. United States, 559 U.S. 356, 130 S.Ct. 1473, 1486 (2010). Here, the evidence reveals that counsel provided that information to Dolmuz-Carcamo. The Court finds that Dolmuz-Carcamo was adequately warned that his conviction for drug trafficking was likely to result in his deportation. No ineffective assistance of counsel is shown.[3]

---

3

During the hearing, it became apparent that Dolmuz-Carcamo's real concern was that his permanent residency status was obtained through a request for political asylum. Although counsel had been made aware of that status, counsel and Dolmuz-Carcamo did not discuss whether or how Dolmuz-Carcamo would be able to address his concerns about

3. *Counsel's alleged failures at sentencing*

Dolmuz-Carcamo further claims that counsel should have objected to the PSI and should have argued for sentencing considerations based upon his immigration status. Dolmuz-Carcamo does not state on what basis counsel should have objected to the PSI.

As a result of Dolmuz-Carcamo's failure to state any facts in support of this claim or to state in what way he was prejudiced, this claim is conclusory. Conclusory allegations on critical issues in a § 2255 proceeding are insufficient to raise a constitutional issue. United States v. Woods, 870 F.2d 285, 288 n. 3 (5th Cir. 1989); see also United States v. Jones, 614 F.2d 80, 82 (5th Cir. 1980) (Failure of movant to state specific facts "is insufficient to state a constitutional claim.").

Dolmuz-Carcamo also claims that counsel should have argued for sentencing consideration based upon his immigration status. The Fifth Circuit has previously rejected such claims. United States v. Nnanna, 7 F.3d 420, 422 (5th Cir. 1993) ("Collateral consequences, such as the likelihood of deportation or ineligibility for more lenient conditions of imprisonment, that an alien may incur following a federal conviction are not a basis for downward departure."). Additionally, the current sentencing guidelines continue to state that race, sex, national origin, as well as other personal factors "are not relevant" in the determination of a sentence. U.S.S.G. 5H1.10. Although national origin and alienage status are not the same, the Sentencing Guidelines do not recognize alienage as a basis for departure. Accordingly, Dolmuz-Carcamo cannot show prejudice from counsel's failure

---

returning to Nicaragua before he was deported. Padilla does not require these more involved questions of immigration law to be handled by criminal defense lawyers. See Padilla, 130 S.Ct. at 1483 ("Immigration law can be complex, and it is a legal specialty of its own. Some members of the bar who represent clients facing criminal charges, in either state or federal court or both, may not be well versed in it. There will, therefore, undoubtedly be numerous situations in which the deportation consequences of a particular plea are unclear or uncertain. The duty of the private practitioner in such cases is more limited. When the law is not succinct and straightforward (as it is in many of the scenarios posited by Justice ALITO), a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences.").

to make this particular argument because he cannot establish that his sentence would have been different had counsel made the argument. See Carter, 131 F.3d at 463 ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

During the hearing, Dolmuz-Carcamo raised other claims of ineffective assistance of counsel during his testimony. Those claims are not timely and may not be considered by this Court.[4]

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Dolmuz-Carcamo has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A Certificate of Appealability (COA) "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have

4. Dolmuz-Carcamo's conviction became final at the time of expiration of the time to file his notice of appeal, 14 days after judgment was entered on the docket, or on November 25, 2011. See Fed. R. App. P. 4(b)(1)(A). His motion to vacate had to be filed on or before November 25, 2012. His original motion was timely filed, but the claims he raised at the hearing on June 18, 2013, do not relate back to his original motion and are outside the one year limitation period. See 28 U.S.C. § 2255(f).

been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Dolmuz-Carcamo is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. See Jones, 287 F.3d at 329.

## VI. CONCLUSION

For the foregoing reasons, Dolmuz-Carcamo's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E.36) is **DENIED**. He is also **DENIED** a Certificate of Appealability.

It is so **ORDERED.**

**SIGNED** on this 1st day of July, 2013.

John D. Rainey

JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE